(No. 83-CV-0582—▮▮▮▮▮▮▮▮▮▮▮)

*In re* APPLICATION OF MATTHEW and JEWEL MOORE.

*Amended opinion filed October 20, 1983.*

MATTHEW and JEWEL MOORE, *pro se*, for Claimants.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on July 31, 1982. Matthew and Jewel Moore, parents of the deceased victim, Carol Moore, seek compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on the form prescribed by the Attorney General, and an investigtory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimants' deceased daughter, Carol Moore, age 24, was a victim of a violent crime as defined in section 2(c) of the Act (Ill. Rev. Stat. 1979, ch. 70, par. 72(c)), to wit: murder (Ill. Rev. Stat. 1979, ch. 28, par. 9—1).

2. That on July 31, 1982, the victim was pronounced dead by the Du Page County Coroner at the victim's apartment located at 585 E. Gunderson, Carol Stream. The victim appeared to have been beaten at the time of her death. The coroner determined that the victim died as a result of a cocaine overdose, but he was unable to find a point where the drug had been injected into the body. The official inquest verdict stated that the cause of the victim's death was undetermined.

3. That the Claimants seek compensation under the Act for funeral expenses only.

4. That according to section 10.1(c) of the Act, a person related to the victim is eligible for compensation for funeral expenses for the victim provided that such expenses were paid by him. Ill. Rev. Stat. 1979, ch. 70, par. 80.1(c).

5. That the victim was unemployed for the six months prior to the crime and that the Claimants therefore could not have suffered any loss of support.

6. That at a pre-trial hearing held on September 20,

1983, before Commissioner John R. Fielding, the parties determined that the Claimants were entitled to an award of $1,181.90 for funeral expenses that they incurred as a result of the victim's death.

7. That the Claimants have complied with all pertinent provisions of the Act and qualify for compensation thereunder.

8. That pursuant to section 10.1(e) of the Act this Court must deduct $200.00 from all claims (except in the case of an applicant 65 years of age or older), and the amount of benefits, payment or awards payable under the Workers' Compensation Act, Dram Shop Act, Federal medicare, State public aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal social security payments payable to dependents to the victim and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant. Ill. Rev. Stat. 1979, ch. 70, par. 80.1(e).

9. That the Claimants have received no reimbursements as a result of the victim's death that can be counted as applicable deductions.

It is hereby ordered that the sum of $1,181.90 (one thousand one hundred eighty-one dollars and ninety cents) be and is hereby awarded to Matthew and Jewel Moore, parents of Carol Moore, an innocent victim of a violent crime.